**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1871**

---

NEBYU SOLOMON,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A36-253-103)

---

Submitted: March 31, 2006        Decided: May 11, 2006

---

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Kim-Bun Thomas Li, LI, LATSEY & GUITERMAN, PLLC, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Larry P. Cote, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nebyu Solomon, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) that found Solomon was not eligible for relief under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), and dismissed his appeal.

On appeal, Solomon argues that (1) his due process rights were violated by the Immigration Judge's refusal to consider his § 212(c) application; (2) his equal protection rights were violated; and (3) he is eligible for § 212(c) relief.

In order to succeed on a due process claim, Solomon "must first establish that he had a property or liberty interest at stake." Smith v. Ashcroft, 295 F.3d 425, 429 (4th Cir. 2002). The Supreme Court has held that asserting a protected interest in a process itself, in the absence of any substantive interest, is not a cognizable claim. Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 280 n.2 (1998); Olim v. Wakinekona, 461 U.S. 238, 250 (1983); see also Harvey v. Horan, 285 F.3d 298, 315 n.5 (4th Cir. 2002). We have held there is no liberty or property interest in discretionary relief under § 212(c). Smith, 295 F.3d at 429. Hence, it follows there is no liberty or property interest in being considered for full relief. United States v. Torres, 383 F.3d 92 (3d Cir. 2004). Accordingly, as there is no liberty interest at

- 2 -

stake with regard to Solomon's § 212(c) application, he cannot state a cognizable due process claim.

Solomon next argues that his equal protection rights were violated because the Government's delay in commencing removal proceedings led him to be treated differently than similarly situated aliens applying for the § 212(c) waiver. We note that this court lacks jurisdiction to consider claims challenging the Government's decision to initiate removal proceedings. See INA § 242(g), 8 U.S.C. § 1252(g). Moreover, the disparate treatment of which Solomon complains was not wholly irrational. Mathews v. Diaz, 426 U.S. 67, 83 (1976).

Finally, Solomon asserts that he is eligible for the § 212(c) waiver. Solomon does not dispute that he served over five years in prison for his 1992 aggravated felony conviction. Therefore, we find that he is ineligible for the waiver under 8 C.F.R. § 1212.3(f)(4)(I) (2005).

Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -